UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

October 01, 2021

Nathan Ochsner, Clerk

Ruthie Shiver, §
§
　　　　　　Plaintiff, §
§
*versus* §　　　　　Civil Action H-20-4125
§
Nationwide General Insurance Company, §
§
　　　　　　Defendant. §

# Opinion on Summary Judgment

1.　　*Background.*

　　On August 23, 2017, then-Tropical Storm Harvey damaged Ruthie Shiver's home in Huffman, Texas.

　　On September 20, 2018, Shiver – through her son, Joe Hughes – filed a claim under her insurance policy with Nationwide General Insurance Company. The home was inspected within a week. Nationwide denied the claim.

　　On November 4, 2020, Shiver sued Nationwide for: (a) breach of contract; (b) violating the Texas Insurance Code for unfair settlement practices and prompt payment of claims; (c) breach of the duty of good faith and fair dealing; (d) violating the Texas Deceptive Trade Practices Act; and (e) fraud. Nationwide has moved for summary judgment. It will prevail.

2.　　*The Policy.*

　　Under section 1 of the policy, certain damage to the home and other structures is covered if caused by a covered cause – including wind. The policy excludes damage by certain causes – water damage from floods, wear and tear, inadequate maintenance – among many others.

Under section 1, subsection 3, Shiver had duties to give prompt notice of any damage and to protect the property from future damage. She was obliged to keep a record of the repair expenses, including a list of the damaged property with supporting bills and receipts.

3.    *Breach of Contract.*

To succeed on a breach of contract claim, Shiver must show that: (a) her insurance policy was valid; (b) she performed under it; (c) Nationwide breached the policy; and (d) Shiver was damaged as a result.[1]

Shiver says that Nationwide breached by underpaying on the claim, and she was damaged by not receiving money.

She argues that she performed substantially and that any delay was excusable. Shiver argues that her husband was frequently in the hospital after Harvey, and she was "becoming increasingly disoriented and confused." The 13 months it took to file the claim was excusable since Hughes submitted the claim soon after he moved back to Texas. She insists that any determination of her competency is a material fact issue for the jury. Shiver then tries to claim impracticability and frustration – caused by their "unforeseen and rapidly deteriorating health and mental faculties." She says that Nationwide did not suffer prejudice from the delay.

Hughes testified that his father tried to fix the damage himself and was too proud to submit a claim. Shiver also could have submitted the claim but chose against it. Shiver highlights her diminishing capacity, but she was still capable enough to sign over her power of attorney to Hughes in March 2019 when her mental fortitude was not questioned. Hughes himself waited three months to submit the claim and that was after a washing machine leak and a heavy rain storm.

---

[1] *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001).

Nationwide clearly suffered prejudice as it became nearly impossible to distinguish what damage was caused by what. Nationwide is not expected to be clairvoyant. The delay also led to the only witnesses with first-hand knowledge to become unavailable.

Shiver's attempt to argue impracticability and frustration are equally unavailing. If the court were to believe those arguments, it would also excuse Nationwide's performance, and Shiver would not receive money regardless.

Shiver has the burden to show what damage occurred within the policy period and by a covered cause. She has no admissible information to show what damage was caused by Harvey or how much the few repairs that were done cost. Hughes last visited the home in 2001. His "knowledge" about the damage was what Shiver told him – and the parties have contended that she is unable to testify now. There has been a plethora of other storms that hit the area in the 16 years between 2001 and Harvey – including Hurricane Ike in 2008 and a storm right before Hughes decided to submit the claim. The public adjuster's estimate was predominately dependent upon what Hughes told her – which he only heard from Shiver.

Because Shiver cannot segregate damages and did not promptly submit the claim, her breach of contract claim fails.

4.    *Extra-Contractual Claims.*

Because there was no breach of the policy, Shiver's extra-contractual claims for violating the Texas Insurance Code, violating the Texas Deceptive Trade Practices Act, fraud, and common-law bad faith also fail as a matter of law. These claims are over-pleaded and under-documented. This case is a dispute over a policy. There are no facts to show bad faith or fraudulent acts. Any confusion in this case was caused by Shiver's long delays and lack of records. The court is sympathetic to Shiver's situation, but these spiteful attacks by Shiver's counsel on Nationwide were unnecessary and unprofessional. Merely disagreeing over the money that should be paid or on coverage does not evince malfeasance.

5.   *Conclusion.*

Ruthie Shiver will take nothing from Nationwide General Insurance Company.

Signed on October ___, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge